**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

ADRIAN LAMAR BRINSON,    :
             :
    **Plaintiff,**    :
             :
v.            :  **Case No. 7:26-cv-49-WLS-CHW**
             :
COMMISSIONER TYRONE   :
OLIVER, *et al.*,       :
             :
    **Defendants.**   :
_____:

## <u>ORDER</u>

Pending before the Court is a pleading filed by *pro se* Plaintiff Adrian Lamar Brinson, a prisoner currently confined in the Coffee Correctional Facility in Nicholls, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") in this case (ECF No. 2). For the following reasons, Plaintiff must (1) either pay the Court's filing fee in full or submit a proper and complete motion for leave to proceed IFP and (2) recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.

### MOTION TO PROCEED IFP

First, the Court has reviewed Plaintiff's motion to proceed IFP and finds it is incomplete. A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the

complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has not submitted a certified copy of his trust fund account information. Without this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915(b)(1), which directs the district court to assess an initial partial filing fee when funds are available.

Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed IFP within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's motion must include a certified copy of his trust fund account statement for the six months prior to the filing of the Complaint in this action. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for the above-captioned action, that Plaintiff should use to comply.

## ORDER TO RECAST COMPLAINT

If Plaintiff wishes to continue with this action, he is also **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what

each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1).** Plaintiff may include additional pages with the Court's standard form, **but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue, and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard § 1983 form, marked with the case number for this case. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## CONCLUSION

Based on the foregoing, Plaintiff is **ORDERED** to (1) pay the $405.00 filing fee in full or submit a complete and proper motion for leave to proceed IFP, to include a certified copy of his prison trust fund account information, and (2) recast his Complaint as explained

3

above within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

      **SO ORDERED**, this 30th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge