**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ADRIAN LAMAR BRINSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 7:26-cv-49-WLS-CHW** |
| | : | |
| **COMMISSIONER TYRONE OLIVER, *et al.*,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Pending before the Court is a pleading filed by *pro se* Plaintiff Adrian Lamar Brinson, a prisoner currently confined in the Coffee Correctional Facility in Nicholls, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On April 30, 2026, the Court ordered Plaintiff to (1) recast his Complaint on the Court's standard form and (2) either pay the $405.00 filing fee in full or submit a complete and proper motion for leave to proceed *in forma pauperis* in this case. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* ECF No. 4.

The time for compliance passed without a response from Plaintiff. As such, on June 17, 2026, the Court ordered Plaintiff to respond and show cause why his Complaint should not be dismissed for failure to comply with the Court's orders and instructions. Plaintiff was also directed to comply with the April 30th Order if he wished to proceed

with this action. Plaintiff was again given fourteen (14) days to respond, and he was again warned that failure to comply would likely result in the dismissal of this action. *See generally* ECF No. 5.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This action is therefore **DISMISSED without prejudice** because Plaintiff failed to comply with the Court's April 30, 2026 Order, and Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED as moot.**

**IT IS SO ORDERED** this 30th day of July, 2026.

W. Louis Sands

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT